# Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-cv-25744-DPG

BRIDLINGTON BUD LTD,

                *Plaintiff*,

v.

The Partnerships, Unincorporated Associations Identified on Schedule A,

                *Defendants*.

_____/

### DECLARATION OF ANDREW J. PALMER IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)

I, Andrew J. Palmer, declare and state as follows:

1. I am an attorney for Plaintiff, BRIDLINGTON BUD LTD ("Plaintiff") in the above captioned action. I submit this Declaration in support of Plaintiff's *Ex Parte*[1] Motion for Order Authorizing Alternate Service of Process (the "Motion for Alternate Service") on Defendants, identified on Schedule A attached thereto. I am personally knowledgeable of the matters set forth in this declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

2. Plaintiff filed an Application for Temporary Restraining Order Contemporaneously [DE 7]. I hereby incorporate by reference all factual allegations contained in my prior declaration filed in support of Plaintiff's Application for Temporary Restraining Order [DE 7-2].

---

[1] Plaintiff is moving for alternate service *ex parte* as Plaintiff has yet to provide Defendants with notice of this action. Contemporaneously, Plaintiff has filed its *Ex Parte* Application for Temporary Restraining Order, and Order Restraining Transfer of Assets [DE 7].

1

**Plaintiff's Attempt to Serve Defendants**

3. As discussed in my prior declarations [DE 7-2], offshore e-commerce store operators often use inaccurate or incomplete names and addresses to evade legal accountability, and they primarily use electronic means of communication to interact with the e-commerce platform, the service providers and customers. In the present case, Plaintiff has diligently searched, investigated, and verified all available information in an effort to ascertain accurate and valid physical addresses for the Defendants, but such efforts have proven unfruitful.

4. Upon reviewing Defendants' Walmart registrations and contact details, all Defendants are based in China and provided Chinese business name, Chinese phone numbers and addresses. [DE 7-4 and 7-5]. However, the physical addresses listed are either incomplete or incorrect, and none of the Defendants has provided a valid, servable address.

5. For instance, the first named Defendant, sichendianzi, has provided an address of "shenzhenshifutianqufutianjiedaofushanshequcaitianlu2010haozhongshenhuayuanBzuo2601-F21 shenzhenshi, GD 518000, CN" [DE 7-4, p.9]. A search using both Google Maps and its Chinese counterpart, Baidu Maps, yielded no results, confirming that this address is neither legitimate nor servable. This issue applies to all Defendants identified in Schedule A.

6. As a result of Defendants' failure to provide valid, servable physical addresses, Plaintiff is unable to serve Defendants through traditional methods. Therefore, in order to proceed with service, Plaintiff respectfully requests that the Court authorize service by email and web publication, which are the only effective means of reaching Defendants at this time.

**Service by Email and Web Publication as Effective Means of Service**

7. In my experience with intellectual property infringement litigation, service by email has consistently proven to be an effective and efficient method for delivering notices to foreign e-commerce operators. Merchants operating stores on e-commerce platforms such as Walmart are

required to provide an email address during the account registration process. Based on my experience, these email addresses are verified by the e-commerce platforms and are reliable for contacting the merchants. Typically, the verification process involves the platform sending an email to the provided email address and requiring the user to click a link to confirm the validity of the email address.

8. In contrast, verification of physical addresses is far less reliable. Since e-commerce operators can input any physical address, these addresses are often incomplete, false, or not indicative of the location where the operator actually conducts business. As such, even if a physical address is available, it is not reliable or the best means for providing notice to defendants, particularly when the address cannot be independently verified through common tools such as Google Maps or Baidu Maps, as in the present case.

9. In addition to email service, I believe that combining email service with web publication is a well-calculated and reasonable alternative for providing notice to Defendants. While email service is an effective means of communication, it does have limitations, such as attachment size restrictions that could hinder the delivery of all relevant legal documents. By including a link to the web publication in the service email, which contains all the relevant documents, Plaintiff can ensure that Defendants are fully informed of all pending actions. Web publication further strengthens the notice by providing public access to the documents, which enhances the likelihood of Defendants receiving the information.

**Applicability of the Hague Convention and Email Service**

10. While both the United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters done

Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Service Convention")[2], the Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague Service Convention, the "convention shall not apply where the address of the person to be served with the document is not known." Furthermore, the declaration to the Hague Convention filed by China does not expressly prohibit service via e-mail or website posting. Therefore, service by email is appropriate and reasonably calculated.

11. Therefore, given that none of Defendants have provided a valid, servable physical address, and based on the practices in similar cases, I believe service by email is the most effective means to notify Defendants. In light of Defendants' failure to provide a legitimate address, service by email and web publication is both reasonable and consistent with international law.

12. Based on the investigation outlined above, I respectfully request that the Court authorize alternative service of process pursuant to Fed. R. Civ. P. 4(f)(3) via email and web publication to Defendants identified in Schedule A.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed December 10, 2025.

/s/ Andrew Palmer
Andrew J. Palmer
***Attorney for Plaintiff***

---

[2] *See also* Hague Service Convention, November 15, 1965, 20 U.S.T. 361, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited December 10, 2025)